## COOPER *v.* RICKETSON.

1. Assignments of error not argued in the brief will be treated as abandoned.
2. The assignment of error is too general and indefinite to question the validity of the judgment upon which the execution is based.
3. The evidence supports the judgment, which by consent of the parties was rendered by the court without a jury.

FEBRUARY 15, 1917.

Claim to land. Before Judge Cox. Decatur superior court. September 10, 1915.

*W. V. Custer,* for plaintiff in error.

*Wilson & Bennett* and *Harrell & Wilson,* contra.

EVANS, P. J.   J. A. Ricketson brought suit in the city court of Bainbridge, against C. R. Cooper, to recover an amount alleged to be due on three notes, each for the principal sum of $500, which were alleged to be a part of a series of nine notes given by the defendant, containing a provision that failure to pay any of them or the interest thereon at maturity shall have the effect to render all of the notes due.   The notes attached to the petition contain a waiver of homestead and exemption.   The defendant was duly served, but made no defense, and the court rendered a judgment for the plaintiff for the sums claimed to be due, in which judgment it was recited that the defendant had filed no issuable defense. On this judgment execution was issued and levied upon a tract of land.   Subsequently to the judgment the wife of the defendant applied for, and had set apart, a homestead in the land levied upon, and filed a claim to the land.   The papers were returned to the superior court of Decatur county.   By consent of the parties the case was heard by the court without the intervention of a jury. The court adjudged the property subject to the fi. fa.   The claimant made a motion for new trial, which was overruled.

1.   Beyond the usual grounds that the verdict was contrary to the law and evidence, the motion as amended alleges two grounds of error.   One relates to error in refusing a continuance; but as this ground is not argued in the brief of counsel, it will be treated as abandoned.

2.   The other alleged ground of error is:   "The claimant moved that the levy be dismissed as to the property claimed by her, because not subject to execution, same being homestead property, and because it did not affirmatively appear that the right of defendant in fi. fa. to a homestead had been foreclosed, and because the execution was illegal and void; which said motion the court overruled and refused, and judgment entered up by the court finding said property subject, to which said ruling and judgment movant excepts and assigns as error, because contrary to law, and because contrary to the evidence before the court."   Under this assignment of error the only point argued by the plaintiff in error is that the judgment of the city court of Bainbridge is void, because of having been rendered by the court without a jury upon a note the maturity of which was fixed by a default in the payment of the other notes.   We think

the assignment of error is too general to raise this question. However, attention is called to the sixteenth section of the act establishing the city court of Bainbridge (Acts 1900, pp. 104, 108), which authorizes the judge of that court to hear and determine all civil cases of which the court has jurisdiction, and to give judgment therein without the intervention of a jury, provided that either party upon demand shall be entitled to a trial by jury. There was no demand for a jury in the action upon the notes.

3. The evidence supports the judgment, which by consent of the parties was rendered by the court without a jury.

*Judgment affirmed. All the Justices concur.*